Filed 8/25/21  P. v. Moten CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSE MOTEN,<br><br>    Defendant and Appellant. | B310461<br><br>(Los Angeles County<br>Super. Ct. No. A469656) |

_____

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

A jury convicted Jesse Moten in 1986 of the second degree murder of Bernice McCutcheon (Pen. Code, § 187)[1] with true findings he had personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)) and had suffered two prior serious felony convictions within the meaning of section 667, subdivision (a), and served two prior prison terms for felonies within the meaning of former section 667.5, subdivision (b). He was sentenced to an aggregate indeterminate state prison term of 23 years to life.

We affirmed the murder conviction but remanded for a limited retrial on the prior conviction enhancement allegations. (*People v. Moten* (Jan. 20, 1988, B025483 [nonpub. opn.].) The retrial resulted in a true finding on one of the prior serious felony allegations. We affirmed the judgment. (*People v. Moten* (June 13, 1990, B038823) [nonpub. opn.].)

In January 2021, after appointing counsel for Moten, the superior court denied his petition for resentencing pursuant to section 1170.95, finding Moten ineligible for relief based on portions of the record of conviction that indicated Moten had been convicted as McCutcheon's actual killer.

No arguable issues have been identified following review of the record by Moten's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Moten in his supplemental brief. We affirm.

---

[1] Statutory references are to this code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Moten's Conviction for Second Degree Murder*

According to the testimony at Moten's trial, McCutcheon's son, Wayne Eldridge, lived with her. Eldridge and McCutcheon's next door neighbor, Margaret Dirks, were not on good terms. On the afternoon of May 18, 1996 several people were outside the Dirks and McCutcheon homes when Eldridge and Dirks became embroiled in an argument.

As the argument continued, Eldridge's brother approached him and said, "Man, they're trying to kill you. They got guns." Eldridge looked up and saw Moten, who had been standing near Dirks's house, holding a handgun and pointing it at him. Eldridge also testified another individual was holding a rifle or shotgun.

McCutcheon arrived home and attempted to intercede. Dirks and a few others began to walk away. Moten, however, ran toward McCutcheon's house and raised both hands together, pointing away from his body. From inside McCutcheon's house Eldridge told Moten to put the gun down. A shot was fired into the home, fatally wounding McCutcheon.

One witness testified she was present during the argument and saw Moten point and fire a large handgun at the McCutcheon home. Two other witnesses also saw Moten holding a handgun just before and immediately after the shot was fired.

The court instructed the jury with CALJIC Nos. 8.10: Murder—Defined; 8.11: "Malice Aforethought"—Defined; and 8.65: Attempt To Kill One Person—Another Killed. There was no instruction on the felony-murder rule or the natural and probable consequences doctrine.

3

### 2. *Moten's Postjudgment Motion*

On July 10, 2020 Moten, representing himself, filed a petition for a writ of habeas corpus challenging his murder conviction. Moten argued his trial counsel had been ineffective in failing to investigate his assertion someone else had fired the gun that killed McCutcheon. Moten also contended, based on the allegations underlying his claim of ineffective assistance of counsel, he was at most an aider and abettor to the murder of McCutcheon and, as such, was entitled to be resentenced under section 1170.95.

The superior court deemed Moten's filing sufficient to proceed under section 1170.95 and appointed counsel to represent him, while denying the other parts of his habeas petition. The district attorney filed an opposition to the section 1170.95 petition and attached as exhibits this court's 1988 opinion affirming the murder conviction, the probation officer's report prepared for the original sentencing hearing and the reporter's transcript of that sentencing hearing.

At a hearing on Moten's section 1170.95 petition on January 11, 2021, Moten's counsel argued Moten's allegation there had been another shooter, together with his claim about the inadequacy of his defense counsel, entitled Moten to relief under Senate Bill No. 1437. The prosecutor responded there had only been one shooter and the record of conviction established it was Moten. After hearing from counsel, the superior court denied the petition, stating the jury's finding of personal use of a firearm "would lead me to believe that [Moten] was convicted as the actual killer."

Moten filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill No. 1437*

Senate Bill No. 1437 (Stats. 2018, ch. 1015) substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder.  (§§ 188, subd. (a)(3), 189, subd. (e)(3); see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill No. 1437's changes to the definition of the crime.  (*Lewis*, at p. 957; *Gentile*, at p. 843.)

In determining whether a petitioner has carried the burden of making a prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, it is appropriate to examine the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  Appellate opinions "are generally considered to be part of the record of conviction," (*id.* at p. 972), as are the jury instructions given at trial (see, e.g., *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939).

2. *Moten's Appeal*

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020,

5

S264278, we appointed Edward H. Schulman to represent Moten on appeal. At Schulman's request we augmented the record on appeal to include the record from Moten's original trial and appeal. That material established that Moten had been tried on the theory he was the actual killer of McCutcheon, as the superior court concluded from its review of a more limited portion of the record of conviction. In particular, the jury was not instructed on—and Moten was not convicted under—the felony-murder rule or the natural and probable consequences doctrine.

After reviewing the record, as augmented, Moten's counsel filed a brief raising no issues. Appointed counsel advised Moten on June 7, 2021 that he had 30 days to submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider. We thereafter granted Moten an extension of time to file his supplemental letter brief.

On August 20, 2021 we received a seven-page typed supplemental brief from Moten that asserts, in essence, the superior court should have issued an order to show cause and held an evidentiary hearing pursuant to section 1170.95, subdivision (d), to consider the argument there had been a second shooter and he was not McCutcheon's actual killer. He also questions the appointment of Schulman as his appellate counsel in light of Moten's prior complaints about the quality of Schulman's representation.

Because the record of conviction establishes Moten was not convicted under the felony-murder rule or the natural and probable consequences doctrine, he is ineligible for resentencing relief under section 1170.95 as a matter of law. The superior court properly denied his petition without issuing an order to show cause. (See *Lewis*, *supra*, 11 Cal.5th at p. 971.)

Because no cognizable legal issues have been raised by Moten's appellate counsel or by Moten or identified in our independent review of the record, the order denying the postjudgment motions is affirmed.  (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

7